| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, STATE OF COLORADO<br><br>Court Address:<br>100 Jefferson County Parkway<br>Golden, CO 80401 | DATE FILED<br>August 27, 2024 4:19 PM<br>FILING ID: E8905EDF49A6D<br>CASE NUMBER: 2024CV31229 |
| Plaintiff: **JERYL LENNBERG**<br><br>v.<br><br>Defendants: **LOWES HOME CENTERS, LLC** | |
| Attorneys for Plaintiff:<br>Benjamin E. Kleckner<br>Malik Law<br>4550 Arapahoe Ave., Suite 100<br>Boulder, CO 80303<br>Phone Number: 303.481.0343<br>Fax Number: 303.484.2808<br>E-mail:sm@maliklawco.com<br>Atty. Reg. #: 41902 | Case Number:<br><br>Division: |

**COMPLAINT**

**COMES NOW** the Plaintiff, Jeryl Lennberg ( "Plaintiff") by and through counsel, Malik Law, for her Complaint, alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff resides at 1383 Shadow Mountain Drive, Highlands Ranch, CO 80126;

2. Upon information and belief, Defendant, Lowes Home Centers, LLC ("Defendant"), has committed a tort in the State of Colorado;

3. Upon information and belief, Defendant has a place of business in Jefferson County, Colorado and is authorized to do business in the State of Colorado, Arapahoe County;

4. On or about September 2nd, 2022, the date of the incident complained of, Defendant was operating or conducting business in Jefferson County, at its address 10555 West Colfax Avenue, Lakewood, CO 80215;

5. Venue is proper in this action pursuant to C.R.C.P. 98 (c) (5);

6. On or about September 2nd, 2022, Plaintiff was lawfully on the subject premises at 10555 West Colfax Avenue, Lakewood, CO 80215 Colorado and was exposed to a dangerous condition when an employee of Defendant placed two large objects in a shopping cart, which caused the cart to fall over and strike Plaintiff;

7. Plaintiff was shopping at Defendant's location at the time of incident;

8. Upon information and belief, a Lowes store employee loaded a classic shopping cart with two metal benches, each of which weighed approximately 35 pounds;

9. Upon information and belief, employee placed the two benches in am upright and vertical position in the shopping cart prior to the incident;

10. Defendant created a dangerous condition when its employee loaded two benches upright and vertically in a shopping cart;

11. Upon information and belief, the shopping cart and both benches fell on top of Plaintiff;

12. Plaintiff fell onto the ground after being struck by the shopping cart and benches;

13. Employee who loaded shopping cart apologized and admitted fault for incident;

14. Store Manager, Michelle Archuleto responded to the incident complained;

15. Upon information, and Michell Archuleto created and accident report for the incident complained of after gathering details from Plaintiff;

16. Upon information and belief there were multiple witnesses to the incident;

17. Upon information and belief Plaintiff was wearing shoes with a strong grip at the time of the fall;

18. A reasonably prudent person would have recognized the risk of placing two benches vertically upright in a typical shopping cart;

19. Upon information and belief, Defendant had actual knowledge of this dangerous condition;

20. Upon information and belief, Defendant should have known about this danger condition;

21. Defendant failed to act in a reasonable manner to protect against this dangerous condition;

22. The area where Plaintiff fell was under Defendant's control;

23. The Plaintiff was authorized to use area in which the incident occurred;

24. As a direct and proximate result of Defendant's conduct and/or negligence and/or failure to take reasonable care to avoid unreasonable risk to invitees on the premises, the Plaintiff sustained the injuries, damages, and losses set forth below;

25. As a direct and proximate result of Defendant's conduct and/or negligence and/or failure to take reasonable care to avoid unreasonable risk to invitees on the premises, the Plaintiff suffered serious bodily injuries, which injuries are (permanent) and continuing, and which injuries should have been avoided and would have been avoided in the absence of the conduct described above;

26. As a direct and proximate result of Defendant's conduct and/or negligence and/or failure to take reasonable care to avoid unreasonable risk to invitees on the premises, the Plaintiff has and will continue to endure pain and suffering, loss of enjoyment of life, expenses for the services of doctors and other healthcare providers and medical supplies and other such losses;

27. As a direct and proximate result of the Plaintiff's injuries, the Plaintiff will be prevented from engaging in certain social and recreational activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

## FIRST CLAIM FOR RELIEF LANDOWNER'S LIABILITY TO INVITEES UNDER COLORADO REVISED STATUTE § 13-21-115

28. Plaintiff restates and incorporates by reference paragraphs 1 through 27 as if more fully set forth herein;

29. Plaintiff was a resident on the subject premises. As such, Plaintiff was an invitee pursuant to Colorado Revised Statute § 13-21-115;

30. An invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers for which they actually know of or should have known;

31. Defendant is and was legally responsible for the condition on the premises or the activities conducted, or circumstances existing described herein and it, or its agents and/or employees, unreasonably failed to exercise reasonable care to protect the Plaintiff and others similarly situated;

32. Defendant unreasonably failed to exercise reasonable care when its agents and/or employees created a dangerous condition by vertically stacking benches in a traditional shopping cart;

33. Defendant unreasonably failed to exercise reasonable care because its agents, and/or employees failed to warn Plaintiff of the dangerous condition.

## SECOND CLAIM FOR RELIEF -NEGLIGENCE

34. Plaintiff restates and incorporates by reference paragraphs 1 through 33 as if more fully set forth herein.

35. Defendant owed a duty to exercise reasonable care to create and maintain a safe and secure environment for its guests and business invitees, including Plaintiff.

36. Defendant had a duty to provide and maintain an environment safe for customers to be from objects falling on them while shopping, including Plaintiff;

37. Defendant failed to take reasonable precautions to provide for the safety of its guests and business invitees, including Plaintiff;

38. Defendant breached the duties owed to Plaintiff;

39. As a direct and proximate result of the negligence of Defendant, Plaintiff has suffered permanent injuries and damages, including but not limited to, severe personal injuries, mental anguish, pain and suffering, permanent disability, loss of enjoyment of life and other non-economic damages, physical impairment and disfigurement;

40. As a further direct and proximate result of the negligence of Defendant, Plaintiff has incurred past and future economic expenses, losses and damages, including but not limited to past and future medical expenses, past and future wage loss and impairment of earning capacity, and other economic damages related to the injuries sustained as a result of the incident;

**WHEREFORE**, Plaintiff prays that he recover from Defendant's compensatory damages that he has suffered by virtue of the acts and omissions alleged above: for costs, witness fees, expert witness fees, interest as provided by the rules, laws or statutes; for attorney fees as may be allowed by order of this court; for an amount which will reasonably compensate Plaintiff for his past and future economic losses, past and future medical expenses, permanent impairments, injuries and/or disabilities; for an amount which will reasonably compensate Plaintiff for past and future pain, suffering and loss of enjoyment of life and/or the capacity of life; and for such other and further relief as shall be deemed just and proper by this court.

Respectfully submitted this 27th day of August, 2024.

**MALIK LAW**

/s/ Benjamin F.Kleckner
*This pleading was filed electronically pursuant to Rule 121 § 1-26*
*Original signed pleading is on file in counsel's office.*

Plaintiff's Address:
at 1383 Shadow Mountain Drive
Highlands Ranch, CO 80126